**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DAVID ADAMS,**

    **Plaintiff,**

                                      Case No.:

**v.**

**R. S. ELLIOTT SPECIALTY**
**SUPPLY, INC.,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DAVID ADAMS, by and through undersigned counsel, hereby brings this action against Defendant, R. S. ELLIOTT SPECIALTY SUPPLY, INC., and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages exceeding $15,000, exclusive of interest, fees, and costs, for violations of the Florida Workers' Compensation Act ("FWCA"), Fla. Stat. § 440.205, for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., and for violations of the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Orange County, Florida.

### PARTIES

4. Plaintiff is a resident of Lake County, Florida.

5. Defendant is a Florida profit corporation and operates a construction supply business in Orlando, Orange County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an "employee" within the meaning of the FWCA, Fla. Stat. § 440.02(15)(a).

10. At all times material hereto, Defendant was an "employer" within the meaning of the FWCA, Fla. Stat. § 440.02(16).

11. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA and FCRA.

12. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA and FCRA.

## FACTS

13. Plaintiff began working for Defendant as an Operations Supervisor in December 2017, and he worked in this capacity until April 2018.

14. On or about March 2018, Plaintiff was injured at work. Specifically, Plaintiff suffered an injury to his shoulder while performing duties for Defendant.

15. On or about March 2018, Plaintiff notified Defendant of the injury that he had suffered at work and filed a claim for Workers' Compensation benefits.

16. Under the FWCA, Plaintiff had a valid claim for benefits for the injury that he sustained at work.

17. Initially, Defendant complied with the light duty restrictions Plaintiff's treating physician placed upon him.

18. However, upon learning that Plaintiff would need surgery to his shoulder because of the injuries he suffered at Defendant's facility, Defendant took retaliatory adverse action against Plaintiff.

19. For example, after learning that Plaintiff would need surgery, Defendant subjected Plaintiff to meritless pretextual disciplinary action in order to justify Plaintiff's termination.

20. By attempting to pursue his right to file a valid Workers' Compensation claim, Plaintiff engaged in protected activity under the FWCA.

21. On or about April 2018, Defendant retaliated against Plaintiff for lawfully claiming benefits under the FWCA by terminating his employment

22. During Plaintiff's employment with Defendant, Plaintiff suffered from a physical or mental condition that substantially limited his ability to perform one or more major life activities. Plaintiff had a record of such condition, and/or was regarded by Defendant as having a condition that substantially limited his ability to perform one or more major life activities.

23. Specifically, Plaintiff suffered an injury to his shoulder while working for Defendant.

24. Plaintiff continues to suffer from the aforementioned physical or mental condition.

25. At all times material hereto, Plaintiff could perform the essential functions of his job with Defendant with or without accommodation.

26. Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA and the FCRA.

27. Defendant terminated Plaintiff's employment based on his disability and in retaliation for his disability in violation of the ADA and FCRA.

## COUNT I – WORKERS' COMPENSATION RETALIATION

28. Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

29. Plaintiff engaged in protected activity under the FWCA by filing or attempting to file a valid Workers' Compensation claim for an injury that he suffered at work.

30. Defendant retaliated against Plaintiff for engaging in protected activity under the FWCA by filing a valid claim for benefits pursuant to the FWCA.

31. Plaintiff was injured as a result of Defendant's violations of the FWCA, Fla. Stat. § 440.205.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue, and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment stating that Defendant retaliated against Plaintiff, in violation of Fla. Stat. § 440.205;

d) Compensation for lost wages, benefits, and other remuneration;

e) Compensatory damages, including damages recoverable for emotional distress allowable at law; and

f) For such further relief as this Court deems just.

## COUNT II – ADA VIOLATION
### (DISABILITY DISCRIMINATION)

32. Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

33. Plaintiff is a member of a protected class under the ADA.

34. Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability, and/or perceived disability.

35. Defendant's actions were willful and done with malice.

36. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter an injunction restraining continued violation of the ADA;

d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

f) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## **COUNT III – ADA RETALIATION**

37. Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

38. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

39. Plaintiff engaged in protected activity under the ADA.

40. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

41. Defendant's actions were willful and done with malice.

42. The adverse employment action that Defendant took against Plaintiff was material.

43. Plaintiff was injured due to Defendant's violations of the ADA, for which he is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

    d) That this Court enter an injunction restraining continued violation of the ADA;

    e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

  f)  Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

  g)  Reinstatement of Plaintiff's full fringe benefits and seniority rights;

  h)  Any other compensatory damages, including emotional distress, allowable at law;

  i)  Punitive damages;

  j)  Prejudgment interest on all monetary recovery obtained.

  k)  All costs and attorney's fees incurred in prosecuting these claims; and

  l)  For such further relief as this Court deems just and equitable.

### COUNT IV – FCRA VIOLATION
### (HANDICAP DISCRIMINATION)

44. Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

45. Plaintiff is a member of a protected class under the FCRA.

46. Plaintiff was subjected to disparate treatment on the basis of his handicap, disability, and/or perceived handicap/disability.

47. Defendant's actions were willful and done with malice.

48. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

  a)  A jury trial on all issues so triable;

  b)  That process issue and that this Court take jurisdiction over the case;

  c)  Compensation for lost wages, benefits, and other remuneration;

      d)      Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

      e)      Any other compensatory damages, including emotional distress, allowable at law;

      f)      Punitive damages;

      g)      Prejudgment interest on all monetary recovery obtained.

      h)      All costs and attorney's fees incurred in prosecuting these claims; and

      i)      For such further relief as this Court deems just and equitable.

## COUNT V – FCRA RETALIATION

49.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

50.     Plaintiff is a member of a protected class under the FCRA.

51.     Plaintiff engaged in protected activity under the FCRA by.

52.     Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

53.     Defendant's actions were willful and done with malice.

54.     Defendant took material adverse action against Plaintiff.

55.     Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

      a)      A jury trial on all issues so triable;

      b)      That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising his rights under the FCRA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

f) Front pay;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 13th day of June, 2019.

Respectfully submitted,
*/s/Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-337-7992
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: jcornell@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**